UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SAMUEL RANDY LEWIS, | : | Case No. 3:21-cv-251 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| RITTAL NORTH AMERICA, LLC, | : | |
| Defendant. | : | |

**ORDER SETTING BRIEFING SCHEDULE CONCERNING THE COURT'S SUBJECT MATTER JURISDICTION AND STAYING THIS MATTER PENDING FURTHER ORDER**

In its Notice of Removal, Defendant Rittal North America, LLC ("Rittal") alleges that "[t]his action could have originally been filed in this Court pursuant to 28 U.S.C. § 1332 because the complete diversity and amount-in-controversy requirements are met." (Doc. No. 1 at PageID 2.) Although Lewis did not respond to the Notice of Removal or otherwise object to removal, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

Rittal asserts that, while Plaintiff Samuel Ray Lewis ("Lewis") "is a resident and citizen of the State of Ohio," Rittal "is not a citizen of the State of Ohio." (*Id*.) However, the Notice of Removal does not allege the location of Rittal's principal place of business, nor Rittal's state of domicile. "Because a corporation is a citizen of its state of incorporation and its principal place of business, 28 U.S.C. § 1332, a notice of removal must allege both locations." *Kelly v. Metro. Grp. Prop. and Cas. Ins. Co.*, 810 F. App'x 377, 379 (6th Cir. 2020).

The Court **ORDERS** Rittal to submit a brief on or before November 9, 2021 regarding the issue of whether this Court has proper subject matter jurisdiction over this case, including informing the Court of both its state of incorporation and principal place of business. *See Kelly*, 810 F. App'x at 379-80 (in response to order to show cause why the court should not dismiss appeal for want of jurisdiction, defendant adequately alleged both its state of incorporation and principal place of business to cure its deficient pleading, including furnishing business records and a sworn affidavit); 28 U.S.C. § 1653; *see also Davis v. Panda Express, Inc.*, No. 3:20-cv-728-RGJ, 2021 WL 2903240, at *2-3 (W.D. Ky. July 9, 2021) (allowing notice of removal to be amended). Lewis may file a response to the brief, if it so chooses, on or before November 16, 2021.  The Court **STAYS** this case and all pending deadlines, except with respect to this briefing, until the Court has issued a subsequent order concerning the issue of whether this Court has proper subject matter jurisdiction over this case.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 19, 2021.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
